UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-1125-BRO-KK | Date: | November 17, 2016 |
| Title: | *Anthony Moneyham v. Lieutenant Williams, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause Why Action Should Not Be Dismissed

On July 20, 2016, Plaintiff constructively filed a Second Amended Complaint ("SAC") pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics ("Bivens"), 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). ECF Docket No. ("dkt.") 10. The sole defendant is Lieutenant Williams in his individual capacity. Id. at 4. Plaintiff alleges Defendant Williams violated his Eighth Amendment rights on June 5, 2014, when Defendant Williams denied Plaintiff's request for medical attention and turned off Plaintiff's water for four days, and again on June 23, 2014, when Plaintiff was forced to sleep on a mattress on the floor for over sixty days pursuant to Defendant Williams' orders not to move Plaintiff to a cell with an available lower bunk. Id. at 6.

On August 11, 2016, the Court ordered the USMS to serve the summons and SAC on Defendant Williams in his individual capacity. Dkts. 11, 12. On November 8, 2016, the USMS retuned service unexecuted and noted Defendant Williams is deceased. Dkts. 17, 18.

Pursuant to Federal Rule of Civil Procedure 4(m):

If a defendant is not served within 90 days after the complaint is filed, the court --
on motion or on its own after notice to the plaintiff -- must dismiss the action
without prejudice against that defendant or order that service be made within a

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, over ninety days have passed since Plaintiff filed the SAC. However, Plaintiff has failed to serve Defendant Williams and it does not appear Plaintiff will be able to provide additional information that would facilitate service in light of Defendant Williams being deceased.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why the Court should not dismiss his claims against the sole defendant, and therefore this action, for failure to serve and/or failure to prosecute. Plaintiff shall have up to and including **December 9, 2016** to respond to this Order.

Alternatively, Plaintiff may request a voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use**.

**The Court warns Plaintiff that the Court will deem his failure to timely file a response to this Order as consent to the dismissal of this action without prejudice.**

**IT IS SO ORDERED.**